Dear Representative Shear:
This letter is in response to your question asking:
 Whether R.S.Mo. § 448.2-101.2 requires only that all structural components in buildings and mechanical systems in the common areas of buildings be substantially completed prior to recordation of the condominium declaration.
Section 448.2-101.2, RSMo Supp. 1984, states:
 No declaration or amendment to a declaration adding units to a condominium shall be recorded unless all structural components and mechanical systems of all buildings containing or comprising any units thereby created are substantially completed in accordance with the plans, as evidenced by a recorded certificate of completion executed by a registered and licensed engineer or architect. [Emphasis added.]
Section 448.4-120, RSMo Supp. 1984, states:
 In the case of a sale of a unit where delivery of an original sale certificate is required, a contract of sale may be executed, but no interest in that unit may be conveyed until the declaration is recorded and the unit is substantially completed as evidenced by a recorded certificate of substantial completion executed by a registered and licensed architect or engineer, or by issuance of a certificate of occupancy authorized by law. [Emphasis added.]
Sections 448.2-101.2 and 448.4-120, RSMo Supp. 1984, originated as part of House Committee Substitute for House Bill No. 177, 1983 Mo. Laws 748, 754 and 779. These sections of House Committee Substitute for House Bill No. 177 are derived from the Uniform Condominium Act Sections 2.101(b) and 4.120 (1980), 7 U.L.A. 256-258 and 337-338 (Supp. 1985).
The meaning of the phrase "substantially completed" is discussed at Uniform Condominium Act Section 2-101 comment 7 (1980), 7 U.L.A. 257 (Supp. 1985). Comment 7 defines "substantially completed" as the date the architect (or engineer) certifies that the unit is sufficiently complete to allow the purchaser to occupy or utilize the unit for the use for which it is intended. The comment states that this standard is also often used by building inspectors in issuing certificates of occupancy.
Comment 7 states in part:
 It [the "substantially completed" standard] does not suggest that the unit is "entirely completed" as that term is understood in the construction industry; lesser details, such as sticking doors, leaking windows, or some decorative items, might still remain, and the Act contemplates that they need not be completed prior to lawful conveyance.
7 U.L.A. 257 (Supp. 1985). The purpose of the "substantially completed" standard "is to assure that the declarant is not able to obtain use of the purchaser's money until the purchaser is able to get a completed unit." Uniform Condominium Act Section 4-120 comment (1980), 7 U.L.A. 338 (Supp. 1985).
Therefore, we conclude that all structural components and mechanical systems of all buildings containing or comprising any units must be substantially completed prior to recordation of the declaration. We further conclude that no individual unit may be conveyed until the declaration is recorded and the unit itself is substantially completed as evidenced by a recorded certificate of substantial completion executed by a registered and licensed architect or engineer, or by an issuance of a certificate of occupancy authorized by law.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General